# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Shane Huyett, <br><br> Plaintiff, <br><br> v. <br><br> Brian Murlin, Becky Murlin, & Wizzard Drain Cleaning, LLC, <br><br> Defendants. | COMPLAINT <br><br> Case No. _____ <br><br> **JURY TRIAL DEMANDED** <br><br> *ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiff, Shane Huyett (referred to hereinafter as "Mr. Huyett" or "Plaintiff") for his Complaint against Defendants, Brian Murlin, Becky Murlin, and Wizzard Drain Cleaning (collectively referred to as "Defendants," hereinafter), avers as follows:

### Parties, Jurisdiction, and Venue

1. Mr. Huyett resides in Mount Joy, Pennsylvania, and previously worked as a Drain Cleaner Technician for Defendants in the service area of the Harrisburg region. Mr. Huyett is a citizen of the Commonwealth of Pennsylvania and at all times material hereto was a covered, non-exempt employee of Defendants within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 203(e) and (g).

1

2. Defendant, Wizzard Drain Cleaning, LLC (hereinafter, "Defendant Wizzard"), is a limited liability corporation registered and existing under the laws of Pennsylvania with its principal place of business located at 2183 Paxton Drive, Harrisburg, Dauphin County, Pennsylvania.

3. Defendant, Brian Murlin, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2183 Paxton Drive, Harrisburg, Dauphin County, Pennsylvania.

4. Defendant, Becky Murlin, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 2183 Paxton Drive, Harrisburg, Dauphin County, Pennsylvania.

5. Defendants, Brian Murlin and Becky Murlin, are the owners and/or principals of Defendant Wizzard and maintain operational control of significant aspects of Defendant Wizzard's day to day functions, including responsibility for the decision not to pay Mr. Huyett for time worked as alleged herein.

6. At all material times, Defendants have been employers within the meaning of the FLSA, 29 U.S.C. § 203(d), Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.2a, and Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. § 333.103(g).

7. At all material times, Defendant Wizzard has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

8. At all material times, Defendant Wizzard has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

9. At all material times, Plaintiff was an employee engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206, 207.

10. At all material times, Plaintiff was an employee as defined by the PMWA, 43 P.S. § 333.103(h).

11. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Subject matter jurisdiction over Plaintiff's FLSA claims arise under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12. The PWPCL and the PMWA each provide for a private right of action to enforce their provisions. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

13. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because Defendants do business in this district and operate business facilities in this district, and because substantial unlawful conduct giving rise to the claims herein occurred in this district.

14. The United States Supreme Court has stated that "The Fair Labor Standards Act of 1938 (Act) sets forth employment rules concerning minimum

wages, maximum hours, and overtime pay.  52 Stat. 1060, 29 U.S.C. § 201 *et seq*. The Act contains an anti-retaliation provision that forbids employers 'to discharge or in any other manner discriminate against any employee because such employee has *filed any complaint* or instituted or caused to be instituted any proceeding under or related to [the Act], or has testified or is about to testify in such proceeding, or has served or is about to serve on an industry committee.'  29 U.S.C. § 215(a)(3) (emphasis added)."  *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1329 (2011).

**Factual Allegations**

15. Plaintiff was employed as a Drain Cleaner Technician by Defendants from approximately September 2015 until his termination on or about March 26, 2017.

16. Throughout the course of his employment, and specifically in the two (2) year period preceding this action, Plaintiff was required and/or permitted to work in excess of forty (40) hours per workweek, but was not properly compensated at one and a half times his regular hourly rate for all hours worked over forty (40) hours in a given workweek.

17. Plaintiff maintained records of his hours worked.

18. Plaintiff worked in excess of forty (40) hours per workweek in many of the workweeks within the two (2) year period preceding this action.

19. The FLSA requires employers to compensate employees at a rate not less than one and one-half (1 ½) times the regular rate for any work in excess of forty (40) hours per week.  29 U.S.C. § 207.

20. Plaintiff complained on numerous occasions to Defendant, Brian Murlin, about not being properly compensated for his overtime hours.

21. On or about Sunday, March 26, 2017, Plaintiff complained again about the number of hours he was required to work.

22. In response to this complaint, Defendant, Brian Murlin, told Plaintiff that: Defendant, Brian Murlin, was sick of Plaintiff's complaining; that Plaintiff was paid well for the job; and that Plaintiff could try this with another employer.

23. Defendants subsequently terminated Plaintiff without paying him for his last weekend of work.

24. The FLSA prohibits employers from discharging employees in retaliation for making a complaint of FLSA violations.  29 U.S.C.A. § 215

25. Plaintiff's termination in retaliation for complaining about Defendants' failure to properly compensate him for his overtime work was a violation of the FLSA's anti-retaliation provision.

26. Defendants' deliberate failure to pay Plaintiff overtime compensation violates the FLSA, PWPCL, and the PMWA.

## COUNT I

### Violation of the Fair Labor Standards Act

27. All prior paragraphs are incorporated herein as if set forth fully below.

28. At all times material herein, Mr. Huyett was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

29. The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

30. Defendants are subject to the overtime pay requirements of the FLSA.

31. Defendants violated the FLSA by willfully failing to pay for overtime.

32. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to Mr. Huyett.

33. Mr. Huyett is entitled to damages incurred within the three (3) years preceding the filing of the Complaint because Defendants acted willfully and knew or showed reckless disregard for whether their conduct was prohibited by the FLSA.

34. Defendants have not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Mr. Huyett is entitled to recover an award of liquidated damages in

an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Mr. Huyett is entitled to an award of prejudgment interest at the applicable legal rate.

35. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Mr. Huyett. Accordingly, Defendants are liable under 29 U.S.C. § 216(b) for Mr. Huyett's withheld overtime pay, together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff demands judgment, jointly and severally, against Defendants for (1) compensatory damages, (2) liquidated damages, (3) pre-judgment and post-judgment interest as provided by law, (4) attorney fees and expenses and costs as provided by law, and (5) such other relief as the Court deems fair and equitable.

## COUNT II

### Violation of the Fair Labor Standards Act
### Retaliation

36. All prior paragraphs are incorporated herein as if set forth fully below.

37. Defendants violated the FLSA by retaliating against Mr. Huyett by terminating his employment in response to Mr. Huyett's complaint to Defendant, Brian Murlin, about not being properly compensated for his overtime hours.

38. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

39. The FLSA contains, among other things, an antiretaliation provision that prohibits employers "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the Act], or has testified or is about to testify in such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

40. Defendants violated the FLSA's antiretaliation provision by discriminating and retaliating against Plaintiff as described herein.

41. As a result of the aforesaid willful violations of the FLSA antiretaliation provision, Plaintiff was wrongfully terminated under the FLSA. Additionally, Plaintiff was subjected to emotional distress, humiliation, ridicule, a loss of self-respect and confidence, and has been subjected to great damage to his career and professional standing.

42. Accordingly, Defendants are liable under 29 U.S.C. § 216(b) for compensatory damages Plaintiff suffered because of Defendants' actions.

43. Defendants have not acted in good faith or with reasonable grounds to believe that its actions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an additional equal amount permitted by 29 U.S.C. § 216(b).

44. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and expenses, and costs of this action.

45. Defendants' violations of the FLSA were intentional and undertaken with reckless indifference to Plaintiff's right to not be retaliated against for filing a complaint under the FLSA.

46. Accordingly, since § 216(b) of the FLSA allows a "plaintiff to obtain punitive damages against an employer" who violates the antiretaliation provisions of § 215(a)(3), Plaintiff is entitled to punitive damages under 29 U.S.C. § 216(b) in an amount sufficient to deter Defendants from further retaliation against their employees who assert a complaint under the FLSA. *Marrow v. Allstate Sec. & Investigative Servs., Inc.*, 167 F. Supp. 2d 838, 846 (E.D. Pa. 2001), see also *Rhoades v. Young Women's Christian Ass'n of Greater Pittsburgh*, CIV. A. 09-261, 2009 WL 3319820 (W.D. Pa. Oct. 14, 2009).

47. Alternatively, should the Court find Defendants acted in good faith or with reasonable grounds, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in his favor and against Defendants, and grant such relief as may be appropriate, including liquidated, compensatory, and punitive damages, costs and attorneys' fees, pre-judgment and post-judgment interest, and for such other further relief, in law and in equity, both actual and special, which this Honorable Court deems just fair and appropriate.

## COUNT III

**Violation of the Pennsylvania Wage Payment and Collection Law
and the Pennsylvania Minimum Wage Act**

48. All prior paragraphs are incorporated herein as if set forth fully below.

49. At all times material herein, Mr. Huyett was entitled to the rights, protections, and benefits provided under the PWPCL and the PMWA.

50. The PWPCL and the PMWA regulate, among other things, the payment of overtime at the premium of one-and-a-half times the regular rate for time worked in excess of forty (40) hours in a week, to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 43 P.S. § 260.1 *et seq.*, 43 P.S. § 333.101 *et seq.*

51. As individuals who maintain operational control and exercised a policy-making function within Defendant Wizzard and/or an active role in Defendant Wizzard's decision making process, including responsibility for the

decision not to pay Mr. Huyett for time worked as alleged herein, Defendants, Brian Murlin and Becky Murlin, are individually an employer under the PWPCL and PMWA, and have violated the PWPCL and PMWA in the manners described herein attributable to Defendant Wizzard.

52. Defendants are subject to the minimum wage and overtime pay requirements of the PWPCL and the PMWA, because they are "Employers" as defined in 43 P.S. § 260.2a and 43 P.S. § 333.103.

53. Defendants violated the PWPCL and PMWA by failing to record and pay Mr. Huyett for all hours worked, including but not limited to overtime.

54. 43 P.S. § 333.105 exempts certain categories of employees from minimum wage and/or overtime pay obligations. None of the exemptions apply to Mr. Huyett.

55. Mr. Huyett is entitled to special damages in the form of "liquidated damages" as set forth by statute because Defendants acted willfully and did not act in good faith in their violation of the Pennsylvania wage and hour laws.

56. Alternatively, should the Court find Defendants acted in good faith, Mr. Huyett is entitled to an award of prejudgment interest at the applicable legal rate.

57. As a result of the aforesaid willful violations of the PWPCL and the PMWA, compensation has been unlawfully withheld by Defendants from Mr. Huyett.

WHEREFORE, Plaintiff, Shane Huyett, demands judgment against Defendants, Brian Murlin, Becky Murlin, and Wizzard Drain Cleaning, LLC, for (1) compensatory damages, (2) liquidated damages, (3) pre-judgment and post-judgment interest as provided by law, (4) attorney fees and costs as provided by law, and (5) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Mr. Huyett hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**MCCARTHY WEISBERG CUMMINGS, P.C.**

/s/ Steve T. Mahan
Steve T. Mahan (PA 313550)
smahan@mwcfirm.com

Derrek W. Cummings (PA 83286)
dcummings@mwcfirm.com

Larry A. Weisberg (PA 83410)
lweisberg@mwcfirm.com

2041 Herr Street
Harrisburg, PA 17103-1624
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*