IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHANE HUYETT** | : | Civil No. 1:17-CV-1075 |
| **Plaintiff,** | : | |
| v. | : | |
| **BRIAN MURLIN, BECKY MURLIN, and WIZZARD DRAIN CLEANING, LLC** | : | |
| **Defendants.** | : | **Judge Sylvia H. Rambo** |

# **M E M O R A N D U M**

Presently before the court is a joint motion to approve a settlement agreement. (Doc. 19.) For the reasons that follow, the motion will be granted.

### **I.     Background**

On June 19, 2017, Plaintiff Shane Huyett commenced this action against Defendants Brian Murlin, Becky Murlin, and Wizzard Drain Cleaning, LLC asserting violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA"), the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.2a ("PWPCL"), and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.103g ("PMWA"). (Doc. 1.) The complaint alleges that Defendants violated the FLSA, PWPCL, and PMWA by failing to pay overtime compensation and was terminated in retaliation for complaining about the failure to compensate for overtime work. (*Id.*) On June 26, 2018, the parties filed a joint motion to approve the settlement agreement. (Doc. 19). Under the settlement agreement, Defendants

have agreed to pay Plaintiff a total sum of $20,000 in exchange for releasing Defendants from liability for any and all legally waivable claims, demands, or actions he may have against Defendants. (Doc. 19, ¶ 5.) The settlement agreement further provides that Plaintiff sought the advice of counsel prior to signing the agreement, that he understands the agreement, and he is entering the agreement voluntarily (*Id.* ¶ 8.) The parties concur that the settlement agreement is a settlement "of a bona fide dispute" and will "fully compensate Plaintiff for any amounts which he claims may be due [to] him." (*Id.* ¶ 7.)

## II. <u>Legal Standard</u>

The FLSA was enacted to "protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 729 (1981). To safeguard employee rights, "a majority of courts have held that *bona fide* FLSA disputes may only be settled or compromised through payments made under the supervision of the Secretary of the Department of Labor or by judicial approval of a proposed settlement in an FLSA lawsuit." *Bettger v. Crossmark, Inc.*, Civ. No. 13-cv-2030, 2015 WL 279754, *3 (M.D. Pa. Jan. 22, 2015) (citing *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982)). While the Third Circuit Court of Appeals has not addressed whether parties can settle FLSA suits for unpaid wages without court approval, "district courts within the Third Circuit have followed the majority

position and assumed that judicial approval is necessary." *Id.*; *see also McGee v. Ann's Choice*, Civ. No. 12-cv-2664, 2014 WL 2114582 (E.D. Pa. June 4, 2014); *Owens v. Interstate Safety Serv., Inc.*, Civ. No. 17-cv-0017, 2017 WL 5593295 (M.D. Pa. Nov. 21, 2017). Following the Eleventh Circuit's opinion in *Lynn's Food Stores, Inc. v. U.S. ex. rel. U.S. Department of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982), a proposed settlement agreement may satisfy judicial review if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." A settlement agreement resolves a bona fide dispute if its terms "reflect a reasonable compromise over issues, such as . . . back wages, that are actually in dispute." *Id.* If the court is satisfied that the settlement agreement resolves a bona fide dispute, the court then determines whether the agreement is fair and reasonable to the plaintiff, and whether the settlement furthers or "impermissibly frustrates" the implementation of the FLSA. *Bettger*, 2015 WL 279754 at *4 (citing *Altenbach v. Lube Ctr.*, Civ. No. 08-cv-2178, 2013 WL 74251 (M.D. Pa. Jan. 4, 2013)).

## III. Discussion

The court first addresses whether the settlement agreement resolves a bona fide dispute between the parties. If the agreement reflects a reasonable compromise of the issues in this suit, the court can approve the settlement "to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F.2d

3

at 1354. Here, the terms of the agreement itself (Doc. 19-1), as well as Plaintiff's complaint (Doc. 1) and Defendant's answer (Doc. 12), demonstrate that a bona fide dispute exists regarding whether Plaintiff worked overtime, was entitled to overtime compensation, and was fired for complaining about the lack of overtime compensation. For example, Plaintiff alleges that he worked in excess of forty hours per week without appropriate overtime compensation, complained to Defendant Brian Murlin about not being compensated for overtime hours, and was terminated in retaliation for complaining. (Doc. 1, ¶¶ 16-22.) Defendants deny that Plaintiff worked over forty hours per week and avers that Plaintiff never complained to Defendant Brian Murlin about the lack of overtime compensation. (Doc. 12, ¶¶ 16-22.) As the court's obligation is "not to act as a caretaker but as a gatekeeper," the court is satisfied that the settlement agreement resolves a bona fide dispute between the parties. *See Joseph v. Caesar's Entm't Corp.*, Civ. No. 10-cv-6293, 2012 WL 12898816, *2 (D.N.J. July 23, 2012).

Turning to the terms of the agreement itself, the court finds that the settlement agreement is fair and reasonable to Plaintiff. Plaintiff has been represented by counsel throughout this litigation, has sought the advice of counsel prior to entering into the settlement agreement, and has knowingly and voluntarily entered into the agreement with full knowledge of its significance. (*See* Doc. 19.) Furthermore, Plaintiff is being compensated for an amount that he claims may be

4

due to him in connection with his employment with Defendants and this agreement is the byproduct of arms' length negotiations between represented parties. (*Id.* ¶ 16.)

Lastly, the court finds that the settlement agreement does not impermissibly frustrate the implementation of the FLSA. Paragraph 10 of the agreement contains a confidentiality provision. (Doc. 19-1, ¶ 10.) "There is 'broad consensus' that FLSA settlement agreements should not be kept confidential." *Diclemente v. Adams Outdoor Advert., Inc.*, Civ. No. 15-cv-0596, 2016 WL 3654462, *4 (M.D. Pa. July 8, 2016). However, confidentiality provisions that are narrowly tailored and do not contain any sanctions may be permissible. *Id.* In this matter, the confidentiality provision permits Plaintiff to disclose the contents of the settlement agreement to his family, agents, servants, representatives, attorneys, successors, or assigns, as well as permitting disclosure for legal, financial, tax, or business purposes. (Doc. 19-1, ¶ 10.) Further, the provision does not contain any sanctions against Plaintiff and does not permit Defendant to retaliate against Plaintiff if he violates the confidentiality provision. (*Id.*) Accordingly, neither the confidentiality provision, nor the settlement agreement as a whole, frustrate the implementation of the FLSA. *See id.*

## III. Conclusion

For the reasons stated herein, the joint motion to approve the settlement agreement (Doc. 19) is **GRANTED**. An appropriate order will issue.

s/Sylvia Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: June 28, 2018